

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-8-2005

# USA v. Parmelee

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2774

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Parmelee" (2005). *2005 Decisions.* Paper 725.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/725

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2774

UNITED STATES OF AMERICA

v.

VERNON EARL PARMELEE
aka VERNON EARL PARMALEE

Vernon Earl Parmelee,
Appellant

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 98-cr-00618
District Judge: Honorable John W. Bissell

Argued May 25, 2004

Before: SCIRICA, *Chief Judge*, RENDELL and ALARCÓN[*], *Circuit Judges*

(Filed: August 8, 2005)

STACY A. BIANCAMANO, ESQUIRE (ARGUED)
Office of Federal Public Defender
972 Broad Street
Newark, New Jersey 07102
    Attorney for Appellant

---

[*]The Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Judicial Circuit, sitting by designation.

NORMAN J. GROSS, ESQUIRE (ARGUED)
Office of United States Attorney
Camden Federal Building & Courthouse
401 Market Street, 4th Floor
P.O. Box 2098
Camden, New Jersey 08101

GEORGE S. LEONE, ESQUIRE
Office of United States Attorney
970 Broad Street, Room 700
Newark, New Jersey 07102
         Attorneys for Appellee

---

## OPINION OF THE COURT

---

SCIRICA, *Chief Judge*.

Appellant Vernon Earl Parmelee was convicted by a jury of four counts of possession of child pornography using media that has traveled in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B). He does not challenge his conviction.

Parmelee was sentenced to 140 months imprisonment. In sentencing Parmelee, the District Court applied U.S. Sentencing Guidelines Manual § 2G2.2, for persons convicted of possession of child pornography with the intent to traffic, rather than U.S.S.G. § 2G2.4, for simple possession of child pornography. This led to an increase in Parmelee's sentencing range from 41-51 months to 135-168 months. Parmelee contends the District Court erred in employing a preponderance of the evidence standard, instead of a clear and convincing test, in determining whether he intended to traffic in child pornography. He

2

further asserts that the evidence was insufficient to demonstrate that he intended to distribute such material under either evidentiary standard. Finally, he maintains that the District Court impermissibly engaged in "double counting" by applying the increased base offense levels set forth in U.S.S.G. § 2G2.2 for persons who possess material involving the sexual exploitation of a minor with intent to traffic.

Parmelee also challenges his sentence under *United States v. Booker*, 543 U.S. - -, 125 S. Ct. 738 (2005). Having determined that the sentencing issues appellant raises are best determined by the District Court in the first instance, we vacate the sentence and remand for resentencing in accordance with *Booker*.