

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2008

# USA v. Parmelee

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4888

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Parmelee" (2008). 2008 Decisions. Paper 1684.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1684

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4888
_____

UNITED STATES OF AMERICA

v.

VERNON EARL PARMELEE,

Appellant.

_____

On Appeal from an Order of the United States District Court
for the District of New Jersey
(98-cr-00618)
District Judge: Honorable Joseph A. Greenaway, Jr.

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 3, 2008

Before: FUENTES, JORDAN, <u>Circuit Judges</u>, and DUBOIS,[*] <u>District Judge</u>.

(Opinion Filed: January 29, 2008)

OPINION OF THE COURT

_____

[*] Honorable Jan E. DuBois, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

-1-

FUENTES, <u>Circuit Judge</u>:

Vernon Parmelee appeals his 140-month sentence accompanying his jury conviction for four counts of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). He argues that the District Court erred in sentencing based predominantly on extra-verdict factfinding made by a preponderance of the evidence. Because Parmelee's claims are foreclosed by the law of the case doctrine, and because Parmelee's sentence was reasonable, we will affirm.[1]

**I.**

As we write for the parties, we will recount only those facts necessary to our analysis. This is the third time Parmelee's sentence is being reviewed by this Court. Parmelee's first sentence, issued August 21, 2000, was calculated using former United States Sentencing Guidelines ("Guidelines") § 2G2.4, which applied to convictions for possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B). However, within the text of Guidelines § 2G2.4 is a cross-reference to the Guidelines section for a more serious offense, trafficking in child pornography:

> If the offense involved trafficking in material involving the sexual exploitation of a minor (including receiving, transporting, shipping, advertising, or possessing material involving the sexual exploitation of a minor with intent to traffic), apply § 2G2.2 . . . .

At the sentencing hearing, the District Judge stated that he could find by a preponderance

---

[1]The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a).

of the evidence that the requisites for the trafficking cross-reference had been established. However, the District Judge interpreted the then-recent Supreme Court decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), to preclude the imposition of "a sentence for a more aggravated offense than the one on which the indictment was secured and the convictions secured." (App. 236-37.) Applying § 2G2.4, without the cross-reference to § 2G2.2, the District Court imposed a 48-month sentence.

The government appealed the District Court's interpretation of Apprendi to this Court. See United States v. Parmelee, 319 F.3d 583 (3d Cir. 2003) ("Parmelee I"). We defined the issue on appeal as "whether a sentencing court can apply the trafficking cross-reference of U.S.S.G. § 2G2.4(c)(2) to enhance a defendant's sentence for possession of child pornography, when the court finds by a preponderance of the evidence that the requisites for the trafficking cross-reference have been established, even though the defendant was convicted only of possession of materials depicting a minor engaged in sexually explicit conduct." Id. at 590. We concluded that the District Court erred, holding that "[i]n those cases in which a sentencing factor or enhancement does not increase the penalty for a crime beyond the prescribed statutory maximum, Apprendi is not implicated and the facts supporting the sentencing factor or enhancement need not be charged in an indictment or submitted to a jury." Id. at 591 (citing Harris v. United States, 536 U.S. 545, 563-65 (2002)). After finding that the District Judge would not violate the Fifth or Sixth Amendments by applying the cross-reference to § 2G2.2 after

judicial factfinding by a preponderance of the evidence, we held that application of the cross-reference to § 2G2.2 was mandatory. Parmelee I, 319 F.3d at 594.

On resentencing, the District Court again found by a preponderance of the evidence that Parmelee intended to traffic child pornography, and therefore applied the cross-reference to § 2G2.2. The District Court imposed a prison sentence of 140 months. Parmelee appealed this resentencing.

While Parmelee's appeal was pending, the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), which rendered the Guidelines advisory, rather than mandatory. See United States v. Cooper, 437 F.3d 324, 325-26 (3d Cir. 2006). In light of Booker, we remanded Parmelee's case for a second resentencing. United States v. Parmelee, 144 Fed. Appx. 255, 256 (3d Cir. 2005) ("Parmelee II").

Parmelee's second resentencing resulted, again, in a sentence of 140 months. The present appeal is from this sentence.

## II.

Parmelee first argues that the 140-month sentence, which was calculated after the judge found facts sufficient to support the cross-reference to Guidelines § 2G2.2 by a preponderance of the evidence, violated his Fifth and Sixth Amendment rights to have a jury determine, beyond a reasonable doubt, all facts essential to his punishment. While we have power to review Parmelee's constitutional challenge *de novo*, United States v. Williams, 235 F.3d 858, 861 (3d Cir. 2000), we will decline to do so if another panel has

already decided the challenge in a prior appeal, In re City of Philadelphia Litig., 158 F.3d 711, 717 (3d Cir. 1998). This discretionary principle, known as the law of the case doctrine, "is designed to protect traditional ideals such as finality, judicial economy and jurisprudential integrity." Id. at 717-718.[2] The law of the case doctrine precludes our review of Parmelee's constitutional challenge.

In Parmelee I, this Court held that the Fifth and Sixth Amendments were not offended by judicial factfinding by a preponderance of the evidence, which resulted in application of the cross-reference to Guidelines § 2G2.2. Parmelee I, 319 F.3d at 590-91. This holding was necessary for our final judgment, and is binding on this Court unless "extraordinary circumstances . . . free us from the constraints of the law of the case doctrine." In re City of Philadelphia Litig., 158 F.3d at 718. Parmelee argues that the Supreme Court's decision in Booker constitutes "supervening new law," which is an extraordinary circumstance allowing this Court to revisit the decision in Parmelee I. However, after Booker, "[t]he only change in the [sentencing] equation is that, at the end of the day, the district court is not bound by the recommended Guidelines range, but must impose a sentence based on all the factors articulated in § 3553(a)." United States v. Grier, 475 F.3d 556, 561 (3d Cir. 2006) (en banc). In Grier, decided after Booker, we

<hr />

[2]We note that our Internal Operating Procedures also prevent panel reconsideration of holdings from prior precedential opinions: "[N]o subsequent panel overrules the holding in a precedential opinion of a previous panel. Court en banc consideration is required to do so." 3d Cir. IOP 9.1 (July 1, 2002).

reiterated the holding of Parmelee I, that "[o]nce an individual has been convicted by a jury beyond a reasonable doubt of the predicate facts of illegal conduct, triggering a statutory maximum penalty, a court may impose any sentence on the individual up to that maximum." Id. at 562. We also reaffirmed that the district court could determine facts by a preponderance of the evidence, without offending the Fifth or Sixth Amendments, in order to impose a sentence within the permissible range. Id. at 568. Finally, we held that "facts relevant to application of the Guidelines—whether or not they constitute a 'separate offense'— . . . do not implicate the rights to a jury trial and proof beyond a reasonable doubt." Id. at 567-68. We conclude, therefore, that Booker did not alter the law in any way that would justify reevaluating our holding in Parmelee I, and the law of the case doctrine bars our consideration of this challenge.

## III.

Parmalee also argues that his sentence was unreasonable because the District Court disproportionately relied on extra-verdict factfinding, thereby overstating the sentence needed to serve the statutory purposes of sentencing.

We review sentences for reasonableness, applying the factors set forth in 18 U.S.C. § 3553(a). See Booker, 543 U.S. at 261-62. A sentence is reasonable if the record demonstrates that the sentencing court gave meaningful consideration to these factors. See Cooper, 437 F.3d at 329.

The record in this case shows that the District Court thoroughly considered the

-6-

relevant factors set forth in § 3553(a), including the nature and circumstances of the offense, the need for the sentence imposed, the applicable Guidelines range, and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. In particular, the District Court found the circumstances of the offense to be "among the most troubling that [have] come before [the District Court]." (App. 42.) These circumstances removed Parmelee's case from "whatever one would call the heartland of cases that fall within the general subject matter" of possession of child pornography. (Id.) The District Court also addressed Parmelee's argument that, according to statistical evidence, defendants charged with "Pornography/Prostitution" offenses in Parmelee's criminal history category served a mean prison sentence of 89 months and a median prison sentence of 78 months. The District Court found that this statistical information included varied offenses and unknown circumstances, rendering it inapposite to the particularly troublesome characteristics of Parmelee's offense. (App. 44-45.)

Because the District Court gave meaningful consideration to the sentencing factors set forth in 18 U.S.C. § 3553(a), we find that the sentence imposed by the District Court was reasonable.

**IV.**

For the foregoing reasons, the judgment of sentence will be affirmed.

---